**STATE of Maine and Board of Environmental Protection**

v.

**John C. BOTELHO and Johnny's Corporation and Botelho Corporation.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1990.

Decided Jan. 16, 1990.

James E. Tierney, Atty. Gen., Peter J. Brann (orally), Asst. Atty. Gen., Augusta, for plaintiff.

---

Thomas M. Mangan (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendants John C. Botelho, Johnny's Corporation and Botelho Corporation appeal from an order of the Superior Court (Kennebec County, *Lipez, J.*) granting a preliminary injunction enjoining defendants from accepting any more tires at their unlicensed storage facility in Bowdoin. Although the injunction does not restrict defendants' sale of tires, it does mandate certain maintenance measures.

With one exception, the issues raised on this appeal are controlled by our opinion in *Department of Environmental Protection v. Emerson,* 563 A.2d 762 (Me.1989). Despite the final judgment rule, appeal is proper in this case because of the mandatory provisions of the preliminary injunction. *Id.* at 766. Defendants argue that because the tires stored at the Bowdoin facility have resale value, they do not constitute "solid waste." Accordingly, they contend that they are not operating an unlicensed solid waste facility. 38 M.R.S.A. § 1306(1) (1989). By statute the term "solid waste" is defined as "useless, unwanted or discarded solid material." 38 M.R.S.A. § 1303(10) (1989). Our review of the record persuades us that the Superior Court committed no abuse of discretion in finding that the State had established "a clear likelihood of success on the merits." *Department of Environmental Protection v. Emerson,* 563 A.2d at 768. The record reflects that 10 to 12 million tires are presently stored at defendants' facility. Between 1976 and 1986 an estimated 800,000 to 900,000 tires were added to the site each year. In 1988, 646,-000 tires were received while only 42,000 tires were resold. The Superior Court committed no error in finding a clear likelihood that the State would establish that the tires constituted "discarded solid material."

The entry is:

Judgment affirmed.

All ·concurring.